IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KIMBERLY EDWARDS**                                                                                     **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 3:17cv980-TSL-RHW**

**GOODMAN-PICKENS ELEMENTARY SCHOOL**                     **DEFENDANT**

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is [5], the *pro se* Plaintiff's second motion for leave to proceed *in forma pauperis* (IFP) filed December 7, 2017.[1] In her form complaint ["Pro Se 1 (Rev. 12/16) Complaint for a Civil Case"] and its accompanying civil cover sheet, Plaintiff Kimberly Edwards states, without elaboration, that the basis of jurisdiction is federal question, and that both Plaintiff and Defendant are citizens of Mississippi. [1, p. 3], [1-1]

By Order [3], entered December 15, 2017, the undersigned ordered Edwards to provide additional information by December 29, 2017, by completing and filing the long form Application to Proceed in District Court Without Prepaying Fees or Costs (AO 239, Rev. 01/15). The Court included the form with the copy of the order mailed to Edwards at her address of record: 184 Kings Drive, P.O. Box 312, Pickens, MS 39146. The order was presumptively

---

[1] When Edwards filed this case on December 7, 2017, she already had three cases pending in which she has been granted IFP status: *Edwards v. Nissan*, 3:17cv908-LG-LRA; *Edwards v. Minact Logistical Services*, 3:17cv909-HSO-LRA; and *Edwards v. The University of Mississippi Medical Center*, 3:17cv910-LG-LRA. Of the 21 cases she filed on December 7, 2017 in this Court (including the case at bar), fourteen (14) have been dismissed: *Edwards v. Bank Plus*, 3:17cv963-CWR-FKB; *Edwards v. Tutor*, 3:17cv964-CWR-FKB; *Edwards v. Lineaweaver*, 3:17cv965-CWR-FKB; *Edwards v. St. Dominic's*, 3:17cv968-LG-LRA; *Edwards v. Merit Health Madison*, 3:17cv969-HSO-LRA; *Edwards v. North Park Mall*, 3:17cv973-LG-LRA; *Edwards v. University of Mississippi Medical Center*, 3:17cv974-CWR-FKB; *Edwards v. C Spire*, 3:17cv975-HSO-LRA; *Edwards v. Shell Gas Station*, 3:17cv976-LG-LRA; *Edwards v. Xerox*, 3:17cv977-HSO-LRA; *Edwards v. Holmes County Child Support Office*, 3:17cv979-TSL-RHW; *Edwards v. Joe Usry Roundtree*, 3:17cv982-HSO-LRA; *Edwards v. Seago*, 3:17cv983-CWR-LRA; *Edwards v. Shells Gas Station*, 3:17cv984-CWR-LRA. She has been granted IFP status in one of the other seven which are still pending: *Edwards v. Hi-Pharmaceuticals Incorporation*, 3:17cv978-LG-LRA. As of January 25, 2018 she has filed five more lawsuits with IFP applications.

received by Edwards as it was not returned, but Edwards did not respond.  On January 23, 2018, the undersigned entered a Report and Recommendation [4] recommending that Edwards' first application to proceed IFP [2] be denied.  On January 25, 2018, Edwards acknowledged receipt of the Report and Recommendation mailed to her at the same address as the prior order.  [6]  On January 26, 2018, Edwards filed her second motion for leave to proceed IFP [5], using the form the Court had mailed her on December 15, 2017.  Although the District Judge has not yet ruled on the Report and Recommendation regarding the first IFP application, the undersigned finds no reason to delay addressing Edwards' second IFP application.

The Court has examined Edwards' application which lists no income other than monthly child support of $175, with an added notation "no job at moment."  She states her employment ended August 19, 2016 and her spouse's employment ended February 27, 2016; that she has no cash or bank accounts, owns no home, real estate, automobiles or any other assets; and she lists no monthly expenses.  Where a plaintiff's financial information shows that a filing fee would cause "undue financial hardship," the Court has discretion to reduce or waive the fee.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  Based on the information provided in the second IFP application [5], the undersigned finds the 28-year-old Plaintiff should be allowed to proceed without the prepayment of fees.

Under 28 U.S.C. § 1915(e)(2)(B), granting Edwards' second application for IFP status permits the Court to dismiss the case at any time if it determines the Complaint fails to state a claim on which relief may be granted.  Application of the statute is not limited to prisoner lawsuits.  *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).  The Court may also dismiss the case if there is no basis for federal subject matter jurisdiction.  Rule 8, Fed.R.Civ.P., requires that a complaint contain both "a short and plain statement of the grounds for the court's

jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief..." Fed.R.Civ.P. 8(a)(1) and (2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The undersigned is of the opinion that Plaintiff's complaint does not meet these standards.

Federal Courts are courts of limited jurisdiction, and it is presumed "that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Subject matter jurisdiction must be affirmatively shown before the District Court considers the merits of a case. See *Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 582-583 (1999). The Court must, on its own initiative, inquire into its subject-matter jurisdiction; it may raise the jurisdictional issue *sua sponte* at any time, and has a "continuing obligation to examine the basis for jurisdiction." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); Fed.R.Civ.P. 12(h)(3). The undersigned is of the opinion that Edwards has failed to affirmatively show a basis for subject matter jurisdiction in the present case.

The undersigned appreciates the duty to liberally construe Edwards' *pro se* complaint and take as true all well-pleaded allegations but, "Even a liberally construed *pro se* civil rights complaint ... must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted). Edwards' statement of claim in the present case asserts only that she is "finding out [her son] has a learning disability," that he "has been discriminated ... hasn't had a book project yet;" that she sees on Facebook that "everybody (*sic*) child has done a book report except mines (*sic*)." [1, p. 4] The remaining allegations are that:

> I don't know when PTA meetings are, his homework be left in his book bag, or have the same pages that he has had previously. He hasn't went on a school trip since he been there. $4,000,000.00. Sometimes his math homework is missing, he

    never received his behavior binder journal.  I have had conferences with the teacher, principal and even been to the central office & talked to the Asst Superintendent to no avail.

[1, pp. 4-5]

## RECOMMENDATION

    Based on the foregoing, the undersigned recommends that [5] Plaintiff's second application for leave to proceed *in forma pauperis* be granted.  However, because Plaintiff's complaint provides no discernible basis for subject matter jurisdiction in this Court, the undersigned recommends the case be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

    Under the rules, Plaintiff has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it, specifically identifying the findings, conclusions, and recommendations to which she objects.  *L.U.Civ.R.* 72(a)(3).  Failure to timely file written objections bars a party, except on grounds of plain error, from attacking on appeal proposed factual findings or legal conclusions accepted by the District Court to which no objection was made.  Responses to objections must be filed within seven days after service.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Signed this the 1st day of March, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE